UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-60046-CR-GONZALEZ

UNITED STATES OF AMERICA

v.

RAYMOND GEORGE BOHNING,

     Defendant.
_____/

## ORDER

This matter is before the Court upon Defendant's Motion to Withdraw Plea [DE 59] filed September 12, 2007 and Government's Response to Motion to Withdraw Plea [DE 61] filed September 21, 2007.

On February 22, 2007, Defendant Raymond Bohning plead guilty to criminal sexual conduct and child pornography charges under 18 U.S.C. Section 2251(a), 18 U.S.C. 2422(b), 18 U.S.C. Section 2252A(a)(5)(B) and 18 U.S.C. 2252A(a)(6)(c). This Court conducted a Rule 11 colloquy to determine if Defendant Bohning was fully aware that he was pleading guilty and if he was knowingly doing so. At the Change of Plea Hearing, Defendant Bohning told this Court that he was willing to relinquish his right to trial. Imposition of sentence was postponed due to the Defendant's Motion to Withdraw Plea filed on September 12, 2007, eight days before Defendant Bohning's sentencing date.

Defendant Bohning contends that he is dissatisfied with the manner his counsel handled the case. Also, Defendant Bohning asserts that he never wanted or intended to plead guilty and only did so on advice of counsel. Defendant Bohning claims his evidence

of reluctance occurred during the plea colloquy shown by Defendant's decision to stop the proceedings several times before the conclusion and taking issue with the Government's characterization of his behavior saying, "I don't especially agree to the way I was depicted in that monologue." [Transcript of Change of Plea Hearing, page 34] Yet, the Defendant agreed generally to the government's allegations and plead guilty. *Id.*

Under Rule 11(d)(2)(B)[1] of the Federal Rules of Criminal Procedure, the Defendant has the burden of showing a "fair and just reason for withdrawing his plea". *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). To determine the whether the Defendant has provided a fair and just reason to withdraw the plea, the Court must consider the totality of the circumstances surrounding the plea.   *Id.* The factors to be considered include: 1) whether there was close assistance of counsel; 2) whether the Defendant's plea was knowing and voluntary; 3) whether judicial resources would be conserved; and 4) whether the government would be prejudiced if the Defendant were allowed to withdraw his plea. *Id.* at 472. Although the District Court has discretion to evaluate the credibility and weight of a defendant's assertions in support of a motion to withdraw a plea, there is a strong presumption that the statements made in the Rule 11 plea colloquy are true. *United States v. Barnett*, 213 Fed.Appx. 830, 834 (11th Cir 2007); 2007 WL 30040 (C.A.11 (GA))..

In this case, when asked by this Court whether he was satisfied with his counsel, Defendant Bohning replied, "Very much so." [Transcript of Change of Plea Hearing, page 13]. This Court also asked if the Defendant discussed all relevant aspects of his guilty

---

[1]The Government, in its Response [DE 61], and the *Buckles* Court cite to Federal Rule of Criminal Procedure 32(d). The current version of the rule previously contained in 32(d) is now part of Rule 11.

plea and plea bargain agreement with his attorney, and Defendant Bohning replied in the affirmative. *Id.* In fact, Defendant Bohning had additional opportunities to discuss with his lawyer the government's evidence proffer and what the Defendant was pleading guilty to during the Change of Plea Hearing. *Id.* at 33.

This Court found that Defendant Bohning plead guilty to the charges against him knowingly and voluntarily. After the Court placed Defendant Bohning under oath, the Court asked Defendant Bohning a series of questions to establish the Defendant's ability to understand the charges against him and plead guilty to those charges voluntarily. The Court asked Defendant Bohning if he was suffering from any mental or emotional disability. *Id.* at 6. Defendant Bohning responded in the negative. *Id.* Page 36 of the Transcript of Change of Plea Hearing states:

> THE COURT: The court finds that Raymond George Bohning is now alert and intelligent, that he understands the nature of the charges against him, the consequences of his–he appreciates the consequence of his plea and fully understands his rights. The court further finds that Mr. Bohning's decision to plead guilty is based upon a complete and full understanding of all the possible penalties, that he fully understand[s] his rights[.]

Although Defendant Bohning asserts dissatisfaction with his plea, the totality of the circumstances do not suggest that Defendant Bohning has a "fair and just reason" for seeking a withdrawal of his plea. The transcript of the Change of Plea Hearing supports this Court's previous finding that Defendant Bohning fully appreciated the consequence of his plea and possible penalties, and plead to the four charges in the indictment willingly and without coercion.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Withdraw Plea [DE 59] is hereby DENIED. The sentencing hearing previously scheduled

for September 20, 2007 is hereby rescheduled for Thursday, October 4, 2007 at 10 am at 299 East Broward Boulevard, Fort Lauderdale, Florida, Courtroom 205C.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___1st___ day of October, 2007.

JOSE A. GONZALEZ, JR.
UNITED STATES DISTRICT JUDGE

cc: Robin Waugh-Farretta, Esq., AUSA
Celeste Seblesz Higgins, Esq., AFPD