UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-cr-60046-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAYMOND BOHNING,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Raymond Bohning's Formal Petition Seeking "Compassionate Release" in Wake of COVID-19 All upon Modification Remedies Set Forth under Title 18 USC § 3582(c)(1)(A) and § 4205(g) with Consideration for "Extraordinary and Compelling" Issues Surrounding Risk/Vulnerability, ECF No. [133] ("Motion"). The Government filed a Response in Opposition to the Motion, ECF No. [136] ("Response"), to which Defendant did not file a reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

On November 15, 2007, Defendant was sentenced to 240 months' imprisonment followed by supervised release for life, fined $100,000 and ordered to pay restitution in the amount of $4,950 following his convictions for sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) (Count 1), enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (Count 4), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 7),

and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(6)(C) (Count 10). ECF No. [73]. His sentence as to each count is to be served concurrently. Defendant is currently housed at FCI Seagoville, Texas with an anticipated release date of February 19, 2022. ECF No. [136].

On June 2, 2020, Defendant filed the instant Motion requesting that the Court grant him compassionate release in light of the current coronavirus ("COVID-19") pandemic and his underlying medical conditions. In particular, Defendant represents that he is a 73 years old "chronic care" patient with high cholesterol, he is a "carcinoma survivor with a history [of] dermatological anomalies" that "call[] into question a potentially weakened immune system," he has "hip and spine issues" and "is due of [sic] cataract surgery," he suffers form a form of Gout, and he has lung scarring from "chemical pneumonia." ECF No. [133] at 6. If released, Defendant intends to live in Colorado Springs, Colorado. *Id.* at 5. The Government opposes Defendant's request for early release. ECF No. [136].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 4,280,000 confirmed cases and over 147,000 reported deaths as of July 28, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated July 28, 2020).

Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

### II.     DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir.

> 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> . . . .

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.* Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United*

*States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

The Motion requests that Defendant be released due to his underlying medical conditions. The Government opposes, arguing that Defendant has not exhausted his administrative remedies, the BOP has modified its operating procedures in order to effectively respond to the COVID-19 pandemic, Defendant's inmate disciplinary record reflects that he was sanctioned for possessing pornographic materials, the § 3553(a) factors do not weigh in his favor, Defendant is a danger to the community, and no "extraordinary and compelling" reasons exist to support his release. ECF No. [136]. Upon review and consideration, the Court concludes that Defendant does not present circumstances warranting a sentence reduction and early release.

For purpose of analysis, Defendant has satisfied the first inquiry in the section 3582 analysis, administrative exhaustion. Over thirty days have lapsed since the Warden denied Defendant's petition for a reduction in sentence on April 10, 2020. ECF No. [136-2]. Nonetheless, as explained below, Defendant fails to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 240 months was

appropriate in this case in light of these § 3553(a) considerations. To date, Defendant has served the majority of that sentence. However, aside from Defendant's alleged medical history, which is not supported by medical documentation, Defendant has not shown further bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at *2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago.").

Additionally, with regard to the "extraordinary and compelling reasons" test, Defendant contends that his age and health circumstances place him at an increased risk of contracting COVID-19. CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with chronic liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[2] Although Defendant is in his early seventies and had a

---

[2] *People of Any Age with Underlying Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 17, 2020).

7

carcinoma on his nose that was treated and resolved in 2015, he is also listed as a stable Chronic Care – care level 2 inmate. ECF No. [136] at 10-11. He does not allege that any present ailment is terminal or that any of his conditions substantially diminish his ability to provide self-care within the correctional facility environment. He likewise fails to provide medical documentation describing the extent and severity of his alleged conditions, and he fails to show that any of his treatments are inadequate to care for his medical needs.

The Court is sympathetic to Defendant's health condition and his concerns regarding COVID-19 outbreaks in prison facilities. Indeed, the BOP website indicates that at FCI Seagoville where Defendant is incarcerated, there are presently 1290 active cases involving the virus, in which over 1276 inmates have tested positive.[3] These figures are startling. However, Defendant does not allege that he has tested positive for COVID-19 or that he has been exposed to any individuals with COVID-19. Nor does he allege that his health conditions are deteriorating. Defendant also does not persuade the Court that current procedures in place or resources available at FCI Seagoville are insufficient to protect him and other at-risk individuals. Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The

---

[3] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 28, 2020).

"defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Therefore, Defendant has not met his burden that extraordinary and compelling reasons exist to support his request for compassionate release or sentence reduction.[4]

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [133]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 29, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

Raymond Bohning
76769-004
Seagoville
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Seagoville, TX 75159

---

[4] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release to home confinement, the Court does not need to address the final consideration of whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).