UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-CR-60046-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAYMOND GEORGE BOHNING,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON
DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1 AND 2

Having conducted a hearing in this matter, I recommend as follows:

1.    A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on February 20, 2024.  DE 177.

2.    The Defendant appeared before me on April 3, 2024 for a hearing on the violations alleged in the Petition.  The Defendant indicated that he wished to admit Violation Numbers 1 and 2.  Violation Number 1 charges the Defendant with violating a special condition of supervised release by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct.  Violation Number 2 charges the Defendant with violating a standard condition of supervised release by failing to answer truthfully all inquiries by the probation officer.

3.    I advised the Defendant of his right to have the District Judge assigned to this case accept his admissions. I advised that I was conducting the hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised

that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to take his admissions instead. The Defendant consented and agreed on the record to have a United States Magistrate Judge accept his admissions.

4. The Defendant admitted Violation Numbers 1 and 2 as set forth in the Petition.

5. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

6. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

7. The Government proffered that on February 15, 2024, the Defendant was found to be in possession of visual depictions of adults engaged in sexually explicit conduct as evidenced by sexually explicit images seized from his residence during a search conducted on February 15, 2024. The Defendant was questioned by the probation officer about being in possession of any contraband and denied it, when in fact, evidence seized from his residence demonstrate this answer was false. The Government offered two exhibits into evidence. Government's Exhibit 1 is a document notifying Mr. Bohning of the special supervised release condition prohibiting him from possessing visual depictions of minors or adults engaged in sexually explicit conduct. Exhibit 1 is signed and dated by Mr. Bohning, acknowledging his understanding of this special condition. Government's Exhibit 2 is a copy of the sexually explicit images found in Mr. Bohning's residence. Exhibit 2 contains sexually explicit images of adult pornography, as well as images of

minors not engaged in sexual activity. The Defendant admitted the facts as stated by the Government are true. Having heard the Government's proffer and the Defendant's admission thereto, I find that there is a sufficient factual basis to support the Defendant's admissions to Violation Numbers 1 and 2.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1 and 2, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Beth Bloom, the United States District Judge assigned to this case. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of April, 2024.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE